IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MACON-BIBB COUNTY INDUSTRIAL AUTHORITY, | : : | |
| Plaintiff, | : : : | |
| v. | : : | Case No: 5:23-CV-00517-MTT |
| STEVENS AEROSPACE AND DEFENSE SYSTEM, LLC, | : : : | |
| Defendant. | : : | |

## DEFENDANT'S TRIAL BRIEF ON DAMAGES

COMES NOW Stevens Aerospace and Defense Systems, LLC ("Stevens Aerospace") and, pursuant to paragraph 6 of the Court's Order for pretrial submissions entered on January 28, 2025 (ECF No. 20) as modified by the Court's text only Order entered on March 13, 2025 (ECF No. 22), files this trial brief addressing the nature of Plaintiff's claim for damages and showing this Court as follows:

I.   The plaintiff bears the burden of proving damages with reasonable certainty.

It is a fundamental principle of Georgia law that the burden of proving damages in a contractual dispute rests squarely on the plaintiff. *Williams v. Dienes Apparatus*, *Inc.*, 200 Ga. App. 205, 207, 407 S.E.2d 408, 410 (1991) (noting that the plaintiff has the burden to "furnish the jury data sufficient to enable them to estimate with reasonable certainty the amount of the damages.").

This principle has been reaffirmed consistently by Georgia courts. In *Hamilton State Bank v. Kelly Cap. Invs., LLC*, the Court of Appeals explained that, "[w]here a party sues for damages,

[1]

it has the burden of proof of showing the amount of loss in a manner in which the trial judge can calculate the amount of the loss with a reasonable degree of certainty." 335 Ga. App. 252, 262, 779 S.E.2d 757, 765 (2015) (quoting *Patrick Malloy Communities, LLC v. Cmty. & S. Bank*, 334 Ga. App. 76, 82, 778 S.E.2d 242, 247 (2015)).

Even where liability is established, the plaintiff must still present evidence of actual damages to support an award. In *Cotto Law Group, LLC v. Benevidez*, the Court of Appeals emphasized that "even if a defendant is found liable, an award of zero damages is authorized if the plaintiff fails to offer sufficiently specific or credible evidence to enable the calculation of damages with reasonable certainty." 362 Ga. App. 850, 854, 870 S.E.2d 472 (2022). Similarly, in *Mouzin Bros. Farms, LLC v. Dowdy*, the Middle District of Georgia limited the claimant's damages because it failed to supply "sufficient, specific evidence" such that the Court could not calculate damages "with reasonable certainty". No. 7:20-CV-197 (TQL), 2023 WL 11965338, at *9 (M.D. Ga. Sept. 14, 2023).

II. <u>Speculative damages are not recoverable under Georgia law.</u>

Georgia law prohibits the recovery of speculative, conjectural, or uncertain damages. *See, e.g, Cotto Law Group, LLC*, 362 Ga. App. at 854; *Mouzin Bros. Farms, LLC v. Dowdy*, 2023 WL 11965338 (M.D. Ga. Sept. 14, 2023); *Pippin v. Burnum*, 172 Ga. App. 553, 554, 323 S.E.2d 857, 859 (1984). While a party "does not lose his right of action for the damages because he can not furnish exact figures[,]" *Witty v. McNeal Agency, Inc.*, 239 Ga. App. 554, 562, 521 S.E.2d 619, 628 (1999), the evidence must nonetheless allow the trier of fact to calculate the amount of the loss "with a reasonable degree of certainty." *Legacy Acad., Inc. v. Doles-Smith Enters., Inc.*, 337 Ga. App. 575, 582, 789 S.E.2d 194, 201 (2016). In *Mitchell v. Mitchell*, the Supreme Court of

[2]

Georgia affirmed the trial court's rejection of a speculative damages award, emphasizing that "an award of damages cannot be based on speculation, conjecture, or guesswork." 274 Ga. 633, 555 S.E.2d 436 (2001).

In the present case, in November of 2023, Macon-Bibb County Industrial Authority ("MBCIA") sued Defendant for one hundred seventeen thousand, six hundred thirty and 46/100 dollars ($117,630.46). Then, at a deposition in October of 2024, MBCIA testified that the actual amount was "[c]loser to sixty thousand," but could not explain how that figure was calculated beyond assigning a "percentage of responsibility" to Defendant, with no clear methodology. "Where there is insufficient evidence to enable the jury to calculate damages with reasonable certainty, a directed verdict against the complainant is authorized." *Williams v. Dienes Apparatus, Inc.*, 200 Ga. App. at 207. If at trial Plaintiff fails to meet its burden of proving damages with the required level of certainty, a directed verdict in favor of the Defendant may be proper.

This 24th day of April 2025.

/s/ *William H. Larsen*
WILLIAM H. LARSEN
Georgia Bar No. 438481
*Counsel for Defendant*
MARTIN SNOW, LLP
P.O. Box 1606
Macon, GA 31202-1606
(478) 749-1731
whlarsen@martinsnow.com

[3]

<u>CERTIFICATE OF SERVICE</u>

Georgia, Bibb County

    I certify that I have this day filed electronically the foregoing Defendant's Trial Brief on Damages with the Clerk's Office, United States District Court, Middle District of Georgia, Macon Division and the following parties were served by electronic notice using the CM/ECF system which will automatically send email notification of such filing to the following counsel and parties of record:

John F. Kennedy
H. Park Burford
jkennedy@jamesbatesllp.com
pburford@jamesbatesllp.com
*Attorneys for Plaintiff*

    This 24th day of April 2025.

                                          /s/ *William H. Larsen*
                                          WILLIAM H. LARSEN
                                          Georgia Bar No. 438481
                                          *Counsel for Defendant*
                                          MARTIN SNOW, LLP
                                          P.O. Box 1606
                                          Macon, GA 31202-1606
                                          (478) 749-1731
                                          whlarsen@martinsnow.com

[4]